Opal Moses KING

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. No. 3–75–173.

United States District Court, E. D. Tennessee, N. D.

Feb. 2, 1976.

Richard W. Kreig, Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action seeking review of the final decision of the Secretary of Health, Education and Welfare to deny plaintiff's claim for black lung benefits. Before the Court is the Secretary's motion for summary judgment.

Plaintiff is the widow of Clarence J. King, an ex-coal miner who died on January 17, 1974, at age fifty-six. While King was living his claim was denied initially and on reconsideration by the Bureau of Disability Insurance. Shortly after his death a Hearing Examiner considered the claim *de novo* and again denied benefits. (Tr. 9–13). The Appeals Council summarily affirmed the Hearing Examiner's decision. (Tr. 3).

■ The Hearing Examiner premised his decision to deny benefits on the ground that plaintiff was not totally disabled. (Tr. 11–12). The role of this Court is limited to determining whether this finding of fact is supported by substantial evidence. 30 U.S.C. § 923(b); 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla and is defined as such relevant evidence as a reasonable mind might accept to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971).

■ The most expedient way to establish the existence of a total disability is by presenting X-ray evidence or ventilatory data sufficient to raise the interim presumption of total disabling pneumoconiosis. *See* 20 C.F.R. § 410.490. It is beyond dispute that the X-ray evidence and ventilatory test data were insufficient to raise this presumption. (*See* Tr. 87, 98).[1] Plaintiff was required, therefore, to prove that her husband's lung impairment was so severe that it prevented him from engaging in coal mine work or comparable and gainful employment. 20 C.F.R. § 410.426(d).

The Hearing Examiner made the following findings of fact in support of his conclusion that plaintiff's husband was not totally disabled:

"* * * *

"6. The miner regularly and satisfactorily worked as a miner until December 28, 1973; he regularly worked a six-day workweek and received $225 per week.

"* * * *

"9. The miner was not 'totally disabled' prior to July 1, 1973; he was engaged in mining employment on a regular full-time basis." (Tr. 13).

The Court has examined the entire record and is satisfied that these findings are supported by substantial evidence and demonstrate that plaintiff's husband was not totally disabled due to pneumoconiosis.

The record shows that plaintiff's husband was an electrician in the coal mines and normally worked six days per week shortly before his death. (Tr. 52–53). He suffered a heart attack after coming home from work on December 28, 1973.

---

1. An X-ray was interpreted as showing Class O pneumoconiosis (Tr. 98), but this low degree of severity is considered insufficient to establish entitlement to benefits. *See* 20 C.F.R. § 410.428.

(Tr. 53–4). He died from ventricular fibrillation after approximately three weeks of hospitalization. (Tr. 104). No autopsy was performed. (Tr. 59).

Plaintiff's testimony, standing alone, demonstrates that her husband had some breathing problems. The record as a whole clearly demonstrates, however, that if such an impairment did exist, it was not severe enough to be considered totally disabling. Her husband's regular employment until shortly before his death represents substantial evidence that he was not totally disabled during his lifetime. Furthermore, there is no evidence that his death was caused by anything but heart trouble.

Plaintiff next contends that the Hearing Examiner erred by not issuing a subpoena for a pre-employment physical examination report which allegedly showed that her husband had pneumoconiosis. The record shows that the Middlesboro Clinic had possession of this report but refused to release it without the consent of the Consolidation Coal Company. (Tr. 112). Plaintiff's counsel apparently was unable to locate the Consolidation Coal Company. (Tr. 111). The Hearing Examiner decided not to subpoena this report because of the availability of more recent medical evidence. (Tr. 10). He reasoned that pneumoconiosis is a progressive disease, and if it were present at the time of the report it would be apparent in reports based on later examinations. (*Id.*)

Assuming, *arguendo*, that the report demonstrated the existence of pneumoconiosis, it would have been insufficient to show that plaintiff's husband was totally disabled. The evidence overwhelmingly establishes that plaintiff's husband was not totally disabled, and the existence of a lung impairment that is not totally disabling is insufficient to support a claim for black lung benefits. The Hearing Examiner's decision not to subpoena the report, therefore, does not provide a basis for remand.

For the foregoing reasons, it is ORDERED that the Secretary's motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that plaintiff's motion for remand be, and the same hereby is, denied.